KSC/06.25.24

ADE/USAO # 2019R00483

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 25 2024

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-22-306 |
| | * | |
| JAMES GOODMAN, | * | (Possession of a Stolen Firearm, 18 |
| | * | U.S.C. § 922(j); Forfeiture, 18 U.S.C. |
| Defendant | * | § 924(d), 21 U.S.C. § 853(p), 28 |
| | * | U.S.C. § 2461(c)) |

*******

## SUPERSEDING INFORMATION

### COUNT ONE
(Possession of a Stolen Firearm)

The United States Attorney for the District of Maryland charges that:

On or about March 15, 2022, in the District of Maryland, the Defendant,

**JAMES GOODMAN,**

knowingly possessed stolen firearms, that is a Ruger rifle, model AR-556, .556 caliber, bearing serial number 859-29690, and a Ruger rifle, model 10/22, .22 caliber, bearing serial number 0020-50142; knowing and having reasonable cause to believe that the firearms were stolen; and the firearms were in and affecting commerce.

18 U.S.C. § 922(j)

## FORFEITURE

The United States Attorney for the District of Maryland further charges that:

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Superseding Information.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Superseding Information, the Defendant,

**JAMES GOODMAN**,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Substitute Assets

3. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

2

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek Barron*

Digitally signed by ARIEL EVANS
Date: 2024.07.24 10:34:43 -04'00'

Erek L. Barron
United States Attorney

3